NO. 07-08-0064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 2008
_____

STEVE VERNON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2004-49814; HONORABLE RUSTY LADD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Steve Vernon, appeals his conviction for driving while intoxicated and sentence of 14 days incarceration in the Lubbock County Jail and $1,000 fine. Finding that we have no jurisdiction to consider the appeal, we dismiss.

In a criminal case, appeal is perfected by a timely filed notice of appeal. TEX. R. APP. P. 25.2(b). Generally, a notice of appeal is timely if filed within 30 days of the date sentence is imposed. TEX. R. APP. P. 26.2(a)(1). However, if a motion for new trial is filed within this 30 day period, a notice of appeal is timely if filed within 90 days of the date

sentence was imposed. TEX. R. APP. P. 26.2(a)(2). Either deadline for the notice of appeal may be extended if a motion to extend the time to file the notice is filed within 15 days after the applicable deadline. TEX. R. APP. P. 26.3. If an appeal is not timely perfected, a court of appeals lacks jurisdiction and can take no other action other than to dismiss the appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). No motion for extension of time has been filed in this case.

Appellant was found guilty by a jury on October 15, 2007 and was sentenced by the same jury on October 17, 2007. Appellant timely filed a motion for new trial on October 24, 2007. As a result, appellant's notice of appeal was due on January 15, 2008. Appellant's notice of appeal was filed on January 22, 2008. While appellant's notice was filed within the allowable 15 day extension period, no motion for extension of time to file notice of appeal was filed in this Court within the extension period.

By letter dated February 25, 2008, this Court advised appellant that the notice of appeal appeared untimely and directed him to explain why the appeal should not be dismissed for want of jurisdiction. Appellant failed to respond to our directive by its March 11, 2008 deadline.

Consequently, appellant's purported appeal is dismissed for want of jurisdiction.


Mackey K. Hancock
Justice

Do not publish.